In its prior Opinion and Award, the Full Commission found that plaintiff had contracted right perineal tendinitis, a compensable occupational disease. Plaintiff was awarded ongoing total disability benefits beginning on 15 May 1999. However, in its decision, the Court of Appeals found that there was insufficient evidence to support the award of total disability benefits prior to 15 October 1995 and reversed the Full Commission.
The Full Commission has now reviewed this matter based upon the record of the proceedings before Deputy Commissioner Richard Ford, the briefs on appeal to the Full Commission and the decision by the Court of Appeals. In accordance with the decision by the Court of Appeals, the Full Commissions prior Opinion and Award has been modified to award plaintiff ongoing total disability benefits commencing on 15 October 1995.
As of the date of this case coming before the Full Commission, neither party had waived oral arguments. On 17 November 1997, counsel for plaintiff failed to appear before the Full Commission and did not provide any advance notice or explanation to the Commission or opposing counsel, although the proper and accepted procedure would have been to do so. Counsel for defendant was present and prepared to argue.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before Deputy Commissioner Ford as:
 STIPULATIONS
1. On the dates involved, the parties were bound by and subject to the North Carolina Workers Compensation Act.
2. On said date an employer-employee relationship existed between the parties.
3. As of said date, defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers Compensation Act.
4. On said date plaintiff was earning an average weekly wage of $436.94.
5. That the issues to be determined in this case are:
 a. Did the plaintiff sustain an occupational disease arising out of and in the course of the employment with defendant-employer; and,
 b. If so, are the complaints of which plaintiff complains caused by the said occupational disease; and,
 c. If so, to what compensation, if any, is plaintiff entitled under the Act.
6. Plaintiff seeks temporary total disability compensation benefits from 15 March 1995 to date except for two weeks of employment and payment of medical expenses and defendant is asserting the following defenses:
a. Plaintiffs complaints are not caused by repetitive movements;
 b. Plaintiffs employment has not placed her at an increased risk of developing the occupational disease, if any, from which she suffers;
 c. The employment is not a significant factor in the development of the said occupational disease, if any.
7. The parties further stipulate into evidence a document of stipulated material.
8. At the hearing on 22 July 1996, defendants Exhibit 2, marked D2 was admitted into evidence consisting of a video tape purporting to illustrate plaintiffs work duties of which a copy is to be provided to plaintiff and the original to be retained by defendant.
Subsequent to the hearing, the parties entered the following documentation into the record which have been considered by the undersigned in ruling in this matter and with respect to which all Motions and Objections have been duly considered under the applicable law and rules of evidence:
1. Deposition of Dr. Vinod Singh dated 9 October 1996.
2. Deposition of Dr. Scott S. Sanitate dated 23 September 1996.
 *********** EVIDENTIARY RULING
With respect to plaintiffs Motion to exclude the deposition and testimony of Dr. Douglas S. McFarlane as tainted evidence under the ruling in Salaam v. North Carolina Department of Transportation,122 N.C. App. 83, 389 S.E.2d 41 (1986), said Motion is DENIED.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. Plaintiff was employed by defendant-employer for over twenty (20) years as a beamer/attender on a full-time basis.
2. Plaintiffs position as a beamer/attender required the repetitive use of her right foot and ankle. Plaintiff worked twelve (12) hour shifts on a beaming machine where she was required to use a foot pedal and repetitively depressed and released the foot pedal throughout her shifts.
3. In early 1995 plaintiff began to experience pain and discomfort in her right foot and ankle such that she became unable to continue working. Plaintiff has not been able to return to work since 15 March 1995.
4. Plaintiffs condition was diagnosed as right perineal tendinitis and overuse syndrome of her right ankle.
5. Plaintiffs employment as a beamer/attender for defendant-employer exposed her to an increased risk of developing right perineal tendinitis and overuse syndrome of her right ankle than members of the public in general.
6. Plaintiffs employment as a beamer/attender for defendant-employer caused or significantly contributed to the development of her occupational diseases, right perineal tendinitis and overuse syndrome of her right ankle.
7. As a result of her occupational diseases, plaintiff has been unable to earn wages in her former employment with defendant-employer or in any other employment since 15 October 1995 and continuing through the date of this Opinion and Award.
8. Plaintiffs average weekly wage was $436.94, yielding a compensation rate of $291.44.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiffs average weekly wage was $436.94, yielding a compensation rate of $291.44. G.S. 97-2(5).
2. As the result of her employment with defendant-employer, plaintiff has developed the occupational diseases right perineal tendinitis and overuse syndrome of her right ankle. G.S. 97-53(13).
3. As the result of her occupational diseases, plaintiff is entitled to be paid by defendant ongoing total disability compensation benefits at the rate of $291.44 per week for the period of 15 October 1995 through the present and continuing until such time as she returns to work or further order by the Commission. G.S. 97-29.
4. Defendant is entitled to a credit for payments of compensation, if any, paid to plaintiff since 15 October 1995 against the compensation herein awarded. G.S. 97-42.
5. As the result of her occupational diseases, plaintiff is entitled to have defendant pay for all medical expenses incurred. G.S. 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant shall pay to plaintiff temporary total disability compensation benefits at the rate of $291.44 per week for the period of 15 October 1995 through the present and continuing until such time as plaintiff returns to work or until further order of the Commission. These payments are subject to the attorney fee awarded herein and any credit to which defendant is entitled. For the amounts having already accrued, defendant shall pay this to plaintiff in a lump sum.
2. Defendant shall pay all medical expenses incurred by plaintiff as the result of her occupational diseases.
3. An attorneys fee of twenty-five percent (25%) of the compensation awarded herein is hereby approved and awarded to counsel for plaintiff. Said fee shall be deducted from the compensation awarded above and paid directly to said attorney in one lump sum from the amounts having accrued and by every fourth compensation check payable to plaintiff thereafter.
4. Defendant shall pay the costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
DISSENTING WITHOUT A WRITTEN OPINION:
S/_______________ DIANNE C. SELLERS COMMISSIONER